UNITED STATES of America Plaintiff,

v.

**REILLY TAR & CHEMICAL CORP. Defendant.**

No. C87–936.

United States District Court,
N.D. Ohio, E.D.

Oct. 14, 1988.

Mark A. McClain, Asst. U.S. Atty., Cleveland, Ohio, Susan B. Squires, Environmental Enforcement Section, Land and Natural Resources Div., Dept. of Justice, Washington, D.C., Robert E. Leininger, U.S. Environmental Enforcement Agency, Region V, Chicago, Ill., for plaintiff.

Anthony J. Hartman, Bradford R. Carver, Hermann, Cahn & Schneider, Cleveland, Ohio, Harold Shaw, Douglas Kliever, Cleary, Gottlieb, Steen & Hamilton, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION

BATCHELDER, District Judge.

This matter is before the Court on the cross motions for summary judgment of the respective parties pursuant to Fed.R. Civ.P. 56. Upon a thorough review of the motions, the memoranda of the parties and the exhibits and affidavits attached thereto, and the applicable law the Court finds that the summary judgment motion filed on behalf of Reilly Tar & Chemical Corporation (hereinafter referred to as "Reilly") is well taken and therefore must be granted, and that the summary judgment motion filed on behalf of the United States of America (hereinafter referred to as the "Government") lacks merit and therefore must be denied.

This is an enforcement action brought by the Government pursuant to § 3008(a) of the Resource Conservation Recovery Act ("RCRA"), 42 U.S.C. § 6928(a). On April 21, 1987, the Government instituted this case by filing its complaint which seeks injunctive relief and civil penalties for Reilly's alleged violations of RCRA arising out of Reilly's use of a structure at its Cleveland, Ohio, plant for hazardous waste management.

The Government alleges that Reilly's structure is a "waste pile" within the meaning of 40 C.F.R. § 260.10, and therefore a "land disposal facility". Reilly steadfastly maintains that its structure is a "tank" within the meaning of 40 C.F.R. § 260.10 and therefore not part of a "land disposal facility".

The term "land disposal facility" is not defined in RCRA, any other portion of the United States Code, or the Code of Federal Regulations. The EPA has however discussed the parameters of a land disposal facility in its "Permit Applicants Guidance Manual for Hazardous Waste Land Treatment, Storage, and Disposal Facilities":

> After it is confirmed that the handled waste is hazardous the applicant should determine if the facility is a land treatment, storage or disposal facility. A land treatment, storage or disposal facility is a facility containing one or more units in which hazardous waste is placed

in or on the land for the purpose of treatment, or storage, or disposal, and which is supported by or constructed primarily of earthen materials. Land-based facilities may (and probably will) include some synthetic materials such as liners and leachate collection pipes. These facilities may include one or more of the following units: surface impoundments, waste piles, land treatment units, landfills, and underground injection wells. Although each of these units differ in its objective, design, and operation, each utilizes the land as an integral part of unit design and/or operation. For example, the land forms the basic structural support for landfills, surface impoundments, waste piles, and underground injection wells.

Reilly's Motion for Summary Judgment, Exhibit D.

From the foregoing, it is clear that the EPA intended to limit the scope of the term "*land* disposal facility" to a facility which is "supported by or constructed primarily of earthen materials", and which "utilizes the land as an integral part of unit design and/or operation." *Id.* In addition, the term "tank" is conspicuously absent from the list of facilities which may form a land disposal facility.

> The term "Tank" is defined as follows:
> "Tank" means a *stationary devise*, designed to contain an accumulation of hazardous waste which is *constructed primarily of non-earthen materials* (e.g., wood, concrete, steel, plastic) which provide structural support.

40 C.F.R. § 260.10 (emphasis added).

The structure in the instant case, Bay 5, was constructed prior to the enactment of RCRA. In essence, it is a large steel box, approximately forty feet by seventy feet, originally designed for cooling and solidifying liquid coal tar pitch. The pitch was simply poured into Bay 5 and allowed to fill the structure from wall to wall to a depth ranging from several inches to two feet. Bay 5 is made entirely of welded steel plate, it is elevated approximately three feet above the ground and supported by concrete piers and wooden beams. The east side of Bay 5 contains the structure's only entranceway, which is approximately ten feet wide. Originally, the entranceway provided access for vehicles to enter Bay 5 and remove the hardened pitch. Now, the entranceway provides access for vehicles to load and unload waste material. The entranceway can be closed and sealed by a mechanically controlled barrier or gate. Finally, Bay 5 is protected from the elements by a four-sided and roofed enclosure which overlays and surrounds the structure. Although there is a gap between the walls of Bay 5 and the sides of the enclosure, the sides extend well below the top of the walls of Bay 5.

From the foregoing, it is clear that Bay 5 is composed entirely of non-earthen materials (concrete, wood, and steel); that it is suspended above the ground and the land is not an integral part of unit design and/or operation; and that the structure is stationary.

Thus, upon a thorough review of all the evidence the Court finds that there is no genuine issue as to any material fact. Specifically the Court finds that Bay 5 is a tank, and therefore not a land disposal facility for the purposes of 42 U.S.C. § 6925(e)(2); that the factual and legal arguments presented by the Government are not supported by the undisputed facts presented in this case or of the applicable law; that Reilly was not required to file the paperwork at issue in this case, including the Part A and Part B Closure Plans; and that Reilly is entitled to judgment as a matter of law.

IT IS SO ORDERED.